UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUDITH RUDDEN,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     No.  4:04CV1154 FRB
                                  )
AMERICAN FAMILY MUTUAL            )
INSURANCE COMPANY,                )
                                  )
            Defendant.            )

**MEMORANDUM AND ORDER**

Presently pending before the Court are the parties' cross motions for summary judgment.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Judith Rudden originally brought this action in the Circuit Court of the City of St. Louis, Missouri, alleging that defendant American Family Mutual Insurance Company breached its contracts of insurance by failing and/or refusing to compensate plaintiff for damages sustained by her which were covered by the terms of the insurance policies.  In Count I of her Complaint, plaintiff seeks to recover her damages as covered by the policies.  In Count II, plaintiff seeks recovery for defendant's vexatious refusal to pay under the policies.  Defendant removed the matter to this Court on August 27, 2004, invoking this Court's diversity jurisdiction inasmuch as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.  28

U.S.C. §§ 1332, 1441.

The parties now move for summary judgment, each arguing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The parties have jointly submitted a Statement of Uncontroverted Material Facts and agree that, based upon such stipulated facts, only matters of law remain before the Court for resolution. Upon review of the motions and the materials submitted therewith, the undersigned agrees. Cf. Jacobson v. Maryland Cas. Co., 336 F.2d 72, 75 (8th Cir. 1964) (when determining cross motions for summary judgment, court must continue to determine whether genuine issue of material fact exists and, if so, must deny motions). Further, given the parties' request that the matter be determined on the stipulated facts and that the cause thereby be removed from the trial docket (see Letter to Court, filed Aug. 2, 2005/Docket No. 25), it appears that the parties consider the filing of the instant cross motions to be a mutual request for trial on a stipulated record. See Crow v. Gullet, 706 F.2d 856, 858 n.3 (8th Cir. 1983) (per curiam) (affecting standard of review by the appellate court). Nevertheless, this Court may grant judgment on such motions only when the record shows that there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of law. Reliance Ins. Co. v. Shenandoah South, Inc., 81 F.3d 789, 791 (8th Cir. 1996).

**I. Evidence Before the Court on the Motions**

A. <u>Stipulated Facts</u>[1]

Plaintiff is and was, at all relevant times herein, a citizen and resident of the State of Missouri and the City of St. Louis.

Defendant American Family Mutual Insurance Company (American Family) is and was, at all relevant times herein, a Wisconsin corporation duly organized by law and licensed to do business and conduct a general insurance business in the State of Missouri, particularly automobile insurance.

On or about April 28, 2003, plaintiff was in a motor vehicle, and said vehicle was parked on Pine Avenue near 23rd Street in the City of St. Louis. At the same time, an unknown assailant entered plaintiff's vehicle and drove off while plaintiff was still inside her vehicle, forcing plaintiff from the vehicle while it was in motion, causing serious personal injuries to the plaintiff.

At the time of the incident alleged in plaintiff's Complaint, plaintiff was an insured under policy numbers 0141-5474-01-49 and 0141-5474-02-52 within two automobile liability policies that were issued by defendant American Family providing coverage

---

[1] The following recitation of facts is taken solely from the parties' Joint Statement of Uncontroverted Material Facts submitted to the Court with each respective Motion for Summary Judgment (Docket Nos. 19.1, 22).

and limits as more particularly described therein.  Both of these policies provided uninsured motorist coverage of $100,000.00 per person/$300,000.00 per accident.

The parties have agreed and stipulated that plaintiff's damages total $200,000.00.

B.  Terms of the Policies

Both Policy Nos. 0141-5474-01-49 and 0141-5474-02-52 provide liability insurance under the following terms:

> We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer.
>
> . . .
>
> ADDITIONAL DEFINITIONS USED IN THIS PART ONLY
> Insured person or insured persons means:
> 1.  You or a relative.
> 2.  Any person using your insured car.
> . . .
>
> But the following are not insured persons:
> 1.  Any person, other than a relative, using your insured car without your permission.

(Joint Stmt. of Facts, Exhs. 1, 2, Part I - Liability Coverage.)

Likewise, both Policy Nos. 0141-5474-01-49 and 0141-5474-02-52 provide uninsured motorists coverage under the following terms:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.  The bodily injury must be sustained by an insured person and must be caused by accident and arise out

>           of the use of the uninsured motor vehicle.
>
>           . . .
>
>           ADDITIONAL DEFINITIONS USED IN THIS PART ONLY
>           1.   Insured person means:
>                a.   You or a relative.
>                b.   Anyone else occupying your insured
>                     car.
>           . . .
>
>           But the following are not insured
>           persons:
>           a.   Any person, other than a relative,
>                using your insured car without your
>                permission.
>
>           . . .
>
>           3.   Uninsured motor vehicle means a motor
>                vehicle which is:
>                a.   Not insured by a bodily injury
>                     liability bond or policy at the time
>                     of the accident.
>                . . .
>
>                Uninsured motor vehicle, however, does
>                not mean a vehicle:
>                a.   Owned by or furnished or available
>                     for the regular use of you or any
>                     resident of your household.[2]

(Joint Stmt. of Facts, Exhs. 1, 2, Part III - Uninsured Motorists Coverage.)

C.  Parties' Respective Positions

In its Motion for Summary Judgment, defendant contends that the accident which caused injuries to plaintiff, the insured, arose out of the use of a vehicle which she owned, or which was

---

[2]Clauses containing this or similar language are commonly referred to as "household exclusion" clauses. See, e.g., Halpin v. American Family Mut. Ins. Co., 823 S.W.2d 479 (Mo. banc 1992); Ezell v. Columbia Ins. Co., 942 S.W.2d 913 (Mo. Ct. App. 1996).

furnished or available for the regular use of herself or any resident of her household, and thus was *not* an uninsured vehicle under the terms of the policies. As such, defendant argues that plaintiff is not entitled to recover uninsured motorist coverage in an amount which exceeds that required under Missouri law, that is, $25,000.00 per policy.

Plaintiff contends that she is entitled to recover the full uninsured motorists coverage of $100,000.00 per policy inasmuch as the household exclusion clause of the insurance contracts is contrary to Missouri public policy and that she should therefore obtain the full benefit of her bargain. Plaintiff contends that the exclusionary terms of the policies relating to what does not constitute an uninsured vehicle contemplate injuries being caused by a permissive user of the owner's vehicle, and that to deny full coverage under the circumstances here, that is, plaintiff's vehicle being stolen and commandeered by a carjacker, would violate Missouri's public policy of protecting innocent victims of crime. Therefore, plaintiff argues, public policy dictates that, in the circumstances of this case, plaintiff should recover the full uninsured motorists coverage for her injuries.

For the following reasons, defendant is entitled to judgment as a matter of law on plaintiff's claims, and plaintiff shall recover $25,000.00 per policy, for a total of $50,000.00.

## II. Discussion

Prior to 1986, Missouri's insurance laws provided that an owner of a motor vehicle involved in an accident resulting in more than $500.00 in damage was required to provide proof of financial responsibility, with the corresponding sanction of suspension of the operator's license for failure to comply therewith. Mo. Rev. Stat. §§ 303.010-303.370 (1978) (Motor Vehicle Safety Responsibility Law); see Halpin v. American Family Mut. Ins. Co., 823 S.W.2d 479, 480 (Mo. banc 1992). In 1986, the State of Missouri enacted the Motor Vehicle Financial Responsibility Act (MVFRA) which requires the owner of a motor vehicle to maintain financial responsibility so "that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators." Halpin, 823 S.W.2d at 480, 482. To achieve this end, the MVFRA provides:

> No owner of a motor vehicle registered in this state, or required to be registered in this state, shall operate, register or maintain registration of a motor vehicle, or permit another person to operate such vehicle, unless the owner maintains the financial responsibility which conforms to the requirements of the laws of this state.

Mo. Rev. Stat. § 303.025.1.

Under the MVFRA, to prove such financial responsibility, the owner must provide

> proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of twenty-five thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, in the amount of fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of ten thousand dollars because of injury to or destruction of property of others in any one accident[.]

Mo. Rev. Stat. § 303.020.10.

Such proof may be made by the filing of a certificate of insurance demonstrating that there is in effect a policy of insurance for the benefit of the affected person. Mo. Rev. Stat. § 303.170.1. To conform with the requirement of "financial responsibility" under the MVFRA, every such policy of insurance

> is subject, if the accident has resulted in bodily injury or death, to a limit . . . of not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than ten thousand dollars because of injury to or destruction of property of others in any one accident.

Mo. Rev. Stat. § 303.030.5.

In short, the MVFRA requires owners of motor vehicles to be

financially responsible (and to provide proof thereof) for liability damages in the amount of $25,000.00 per person, $50,000.00 per occurrence, and $10,000.00 for property damage. Insurance policies issued to furnish such financial responsibility must provide coverage in an amount not less than that statutorily required.

Under Missouri law, all automobile insurance policies issued in the State of Missouri must also carry uninsured motorists coverage. Blum v. Allstate Ins. Co., 296 F. Supp. 2d 1037, 1040 (E.D. Mo. 2003).

> No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto . . . in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Mo. Rev. Stat. § 379.203.1.

The enactment of § 379.203 was prompted by public policy concerns seeking to provide insured persons, who are injured by an uninsured motorist, "protection parallel to that which they would have had if they had been injured in an accident caused by a motor vehicle

covered by the minimum liability requirements of the financial responsibility law." Ezell v. Columbia Ins. Co., 942 S.W.2d 913, 915 (Mo. Ct. App. 1996) (internal quotation marks and citation omitted). As such, liability policies of insurance must also provide uninsured motorists protection in an amount not less than that required by Mo. Rev. Stat. § 303.030.5, that is, $25,000.00 per person, $50,000.00 per occurrence, and $10,000.00 for property damage. Any attempt to limit coverage to an amount less than that required by statute violates Missouri's public policy as expressed in the MVFRA and is thus void. Halpin, 823 S.W.2d at 480, 482; Ezell, 942 S.W.2d at 917; Blum, 296 F. Supp. 2d at 1042.

While Missouri law provides for *minimum* coverage to be furnished under liability and uninsured motorists provisions of insurance policies, the parties to insurance contracts are nevertheless free to contract for coverage which exceeds the statutory minimum. Halpin, 823 S.W.2d at 483; Ezell, 942 S.W.2d at 919.

> Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

Mo. Rev. Stat. § 303.190.7.

"So long as policy provisions meet the minimum requirements of the law and do not conflict with it, the parties remain free to create the insurance contract of their choice." Ezell, 942 S.W.2d at 919. To the extent parties contract for any amount of insurance coverage which exceeds the statutory minimum, therefore, such excess coverage is not subject to Missouri's public policy limitations. See Halpin, 823 S.W.2d at 483 ("insureds . . . have no basis for expecting coverage in excess of the [statutory] requirements."); Blum, 296 F. Supp. 2d at 1042 (public policy violated only by attempt to provide coverage below statutory minimum of $25,000; public policy does not require insurance companies to provide coverage above that minimum). Instead, such excess coverage is subject to the express terms of the contract, unless the terms are ambiguous. See Ezell, 942 S.W.2d at 919.

Here, as relevant to the instant cause of action, the contracts of insurance entered into between American Family and plaintiff Rudden each provide for uninsured motorists coverage in an amount which exceeds the statutory minimum of $25,000.00 per person, and specifically, for coverage in the amount of $100,000.00 per person. As such, to the extent such coverage exceeds $25,000.00, public policy considerations do not apply to that excess and the terms of the contract govern.

A federal court sitting in diversity must enforce the laws and policies of the state. Angel v. Bullington, 330 U.S. 183,

191-92 (1947). As such, in this diversity action, Missouri law controls the rules of construction of insurance contracts, <u>St. Paul Fire & Marine Ins. Co. v. Missouri United Sch. Ins. Council</u>, 98 F.3d 343, 345 (8th Cir. 1996); <u>Blum</u>, 296 F. Supp. 2d at 1039, and this Court is bound by the laws and policies thereby. In determining questions of state law, this Court's "task is to determine how the state's highest court would decide the issue at hand." <u>Troknya v. Cleveland Chiropractic Clinic</u>, 280 F.3d 1200, 1207 (8th Cir. 2002). To achieve this task, the Court must first consider any pertinent decisions of the state's highest court and, if none are available, the Court must then look to lower court decisions and other reliable state law authorities. <u>Id.</u>; <u>Blum</u>, 296 F. Supp. 2d at 1039.

Under Missouri law, an insurance contract must be construed in favor of the insured, so long as the construction is reasonable. <u>St. Paul</u>, 98 F.3d at 345. However, the Court must "'accept the written policy as the expression of the agreement made by the parties, and give effect to the intentions of the parties as disclosed by clear and unambiguous language.'" <u>Id.</u> (quoting <u>Childers v. State Farm Fire & Cas. Co.</u>, 799 S.W.2d 138, 140 (Mo. Ct. App. 1990)). Ambiguity in an insurance contract exists when there is duplicity, indistinctness or uncertainty in the meaning of the language used in the policy. <u>Id.</u> Whether the language of an insurance contract is ambiguous is a question of law. <u>Id.</u> The

mere fact that the parties disagree as to the meaning of a contract and/or its terms does not render the contract ambiguous. <u>Rathbun v. CATO Corp.</u>, 93 S.W.3d 771, 778 (Mo. Ct. App. 2002).

A reading of the policies of insurance in their entirety shows that the vehicle involved in the accident here was an uninsured vehicle inasmuch as, at the time of the accident, no insurance policy for bodily injury liability was applicable. (<u>See</u> Joint Stmt. of Facts, Exhs. 1, 2, Part III - Uninsured Motorists Coverage, Defn. 3.a., motor vehicles included.) Under the express terms of the "Liability Coverage" provision of the policies, the insurer pays only those compensatory damages for which an "insured person" is liable; "[a]ny person . . . using your insured car without your permission" is not an insured driver. (<u>Id.</u> at Part I - Liability Motorists Coverage.) Because the liability coverage of the policies could not be invoked given that the carjacker was not an insured person, the vehicle was uninsured. See <u>Harrison v. MFA Mut. Ins. Co.</u>, 607 S.W.2d 137, 140-41 (Mo. banc 1980).

> Whether a motor vehicle is insured or uninsured by liability coverage depends on whether the liability coverage is applicable under its terms and conditions in light of the specific circumstances of the vehicle's operation. The liability coverage is applicable if all conditions of the policy are met. Questions of applicability of liability insurance can be answered on the basis of events which precede an accident. *For example, a liability policy is not applicable, and hence the vehicle is uninsured, where the*

> *automobile is driven by a thief* or a non-permissive user, even though the automobile in question is the described automobile of the liability policy.

Id. at 141 (emphasis added).

Therefore, in these circumstances, any attempt by an insurer to invoke the household exclusion to preclude recovery under the uninsured motorists provision merely because the insured's injuries were caused by her own vehicle would be "repugnant to the mandate of § 379.203 and is void as against public policy." Ezell, 942 S.W.2d at 917 (citing Otto v. Farmers Ins. Co., 558 S.W.2d 713, 719 (Mo. Ct. App. 1977)).

> To exclude uninsured motorist coverage to the named insured solely because he was occupying a vehicle owned by a resident of his household would be contrary to the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts and those expectations will be honored even though painstaking study of the policy provisions would have negated those expectations.

Id. (internal quotation marks and citations omitted)

However, to the extent the household exclusion is void as against public policy, it is only void to the extent an insurer seeks to limit the *minimum* coverage required by statute. Ezell, 942 S.W.2d at 918-19. Where, as here, coverage under an insurance

policy exceeds the statutory minimum, public policy considerations do not apply to such excess and the terms of the contract govern. Id.; Blum, 296 F. Supp. 2d at 1042. The parties do not dispute that in the instant cause, the accident which caused injuries to plaintiff arose out of the use of her own vehicle. Such circumstances trigger the household exclusion clause of the insurance policies -- a term of the contracts entered into freely by the parties.[3] Therefore, to the extent the insurance policies provide uninsured motorists coverage in excess of the statutory minimum of $25,000.00 per person, the plaintiff is bound by the household exclusion and is precluded from recovering such excess.

Accordingly, under the laws and policies of the State of Missouri, plaintiff is entitled to recover $25,000.00 in compensatory damages for bodily injury under the uninsured motorists provision in each of Policy Nos. 0141-5474-01-49 and 0141-5474-02-52, for a total of $50,000.00. Ezell, 942 S.W.2d at 919; Blum, 296 F. Supp. 2d at 1042. Recovery in excess of such amount is barred by the unambiguous terms of the contracts.

### III. Conclusion

The Missouri courts have determined that an insured occupying an otherwise uninsured motor vehicle may nevertheless be barred from recovering uninsured motorists coverage beyond the

---

[3] A review of the policies shows various exceptions and conditions to be identified throughout. A "victims of crime" exception to the household exclusion clause is not included.

statutory minimum where express terms of the insurance contract preclude such recovery. However unfortunate, and indeed the circumstances of this case *are* unfortunate, the parties are nevertheless bound by the unambiguous terms of their contracts. In the absence of Missouri law holding to the contrary, this Court may not determine otherwise. Although plaintiff argues that Missouri's public policy should allow innocent victims of crime to fully recover their damages caused thereby under applicable insurance contracts, this Court is unaware of any Missouri authority stating as such and plaintiff cites to none. See <u>W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of America</u>, 461 U.S. 757, 766 (1983) (where court refuses to enforce contract on basis of public policy, "[s]uch a public policy . . . must be well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" (quoting <u>Muschany v. United States</u>, 324 U.S. 49, 66 (1945)). It is not the role of this Court to declare the public policy of the State of Missouri in an area where the laws and precedents of the State have otherwise been silent. See <u>Adler v. American Std. Corp.</u>, 830 F.2d 1303, 1307 (4th Cir. 1987).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Judith Rudden's

Motion for Summary Judgment (Docket No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant American Family Mutual Insurance Company's Motion for Summary Judgment (Docket No. 20) is **GRANTED**.

Pursuant to the Stipulation entered into between the parties (Docket Nos. 19.1, 22.),

**IT IS FURTHER ORDERED** that, as to Count I of plaintiff's Complaint, plaintiff shall recover of defendant compensatory damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), with no prejudgment interest to be awarded thereon.

**IT IS FURTHER ORDERED** that Count II of plaintiff's Complaint is hereby dismissed with prejudice.

Judgment shall be entered accordingly.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  *31st*  day of October, 2005.